that the buy money that had been recovered from defendant and vouchered was no longer retrievable. Defendant failed to demonstrate either prosecutorial misconduct or any real prejudice to his defense warranting the drastic remedy sought (*People v Morrison*, 235 AD2d 501, *lv denied* 89 NY2d 1038; *see also*, *People v Haupt*, 71 NY2d 929, 931). It should be noted that the court gave an adverse inference charge favorable to defendant.

Defendant's claim that the prosecutor violated the court's *Sandoval* ruling is unpreserved for appellate review due to lack of specific objection (*People v Wilkens*, 239 AD2d 105, *lv denied* 90 NY2d 899), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant opened the door to the questioning by his misleading testimony concerning his prior felony drug possession conviction (*People v Hunter*, 235 AD2d 378, *lv denied* 89 NY2d 1094). In any event, any error would have been harmless in light of the overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.

■ OSWALD MILLAN, an Infant, by His Mother and Natural Guardian, EMILY CONDE, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [671 NYS2d 222] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about May 27, 1997, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly denied the motion in light of issues of fact concerning defendant's notice of the danger and the foreseeability of the accident. We have reviewed defendant's related contentions and find that they lack merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.